## 1677.　McDANIEL v. THE STATE.

1. In popular usage the expression "religious services" is synonymous with "divine service."
2. Proof that a congregation was assembled at a Methodist Episcopal church, at which there was preaching and the taking up of a collection, is sufficient to show that there was "a congregation of persons lawfully assembled for divine service."
3. The evidence barely authorizes the verdict of guilty.
4. The refusal of the court to postpone the trial, under the circumstances, appears to have been unfair to the defendant; and, in the light of the weakness of the testimony by which the charge against the defendant is sustained, a new trial is ordered, that there may be a fuller investigation.

Indictment for misdemeanor, from city court of Carrollton—Judge Beall. January 12, 1909.

Argued March 9,—Decided March 16, 1909.

*J. O. Newell, R. W. Adamson,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

POWELL, J. 1. The defendant was indicted under section 418 of the Penal Code, which provides that "Any person who shall, by cursing or using profane or obscene language, or by being intoxicated, or otherwise indecently acting, interrupt, or in any manner disturb, a congregation of persons lawfully assembled for divine service, and until they are dispersed from such place of worship, shall be guilty of a misdemeanor." The court, in charging the jury, used the expression "religious services" as synonymous with "divine service." Exception is taken to this fact. In a broader and philosophic sense of the word, there may be a shade of difference in meaning between the two expressions, but in popular usage they are synonymous.

2. It indisputably appeared in the proof that the transaction with which the defendant stood charged occurred at a Methodist Episcopal church, at which there had been preaching and the taking up of a collection, and that the alleged disturbance occurred before the congregation was dismissed. Of course, under these circumstances, there was nothing harmful or confusing in using the expressions, "assembled for religious purposes," "assembled for divine service," and "assembled for religious services," synonymously and interchangeably.

3. Just before the congregation was dismissed, one of the church officers directed a few remarks to several persons standing on the outside of the church, and lectured them for not having come in. While the congregation inside had not dispersed, the preaching was over and a great many persons were talking. To the remark of the church officer the defendant, who was standing with the party outside, quietly, though loud enough to be heard by a person within the church, made a reply, which, so far as we are able to see, was in no wise disrespectful, offensive, opprobrious, or likely to disturb any one. One of the congregation, however, testified that the remark disturbed him. Perhaps this is sufficient to authorize the conviction, though it is barely so. We do not pass upon the sufficiency of the evidence, however; for the reason that counsel has not presented this point in the brief.

4. Within a few hours after the defendant was arrested and was informed that he was charged with disturbing divine worship, he was forced to trial, over his protestation that he wished to subpœna the preacher who had charge of the services on the day in question, in order to show by him that he did nothing which disturbed or tended to disturb the services. The preacher was temporarily absent from the city of the trial. The defendant, it is true, stated that there were two other witnesses present in court by whom he could prove the same thing as he could by the preacher, but these witnesses were subpœnaed by the State. Without saying that in every case we would reverse the trial judge for refusing to grant a continuance under these circumstances, we feel constrained to order a new trial in the present instance. The proof against the defendant is so very slight that any doubt as to whether the trial was fully fair is to be resolved in his favor.

*Judgment reversed.*

Hill, C. J., and Russell, J., concurring specially. We think the evidence against the defendant is very, very, *very* slight—even more slight than the attenuated quality ascribed to it by our brother Powell.